IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| RAYMOND BROWN, <br><br> Plaintiff, <br><br> vs. <br><br> D. ECKENRODE, FOOD SERVICE MANAGER; T. VAUGHN, SUPERVISOR BLOOM, FOOD SERVICE SUPERVISOR; <br><br> Defendants. | Civil Action No.: 3:25-CV-00046-CBB <br><br> United States Magistrate Judge Christopher B. Brown |

**MEMORANDUM OPINION**
**DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*[1]**
**ECF No. 1**

**Christopher B. Brown, United States Magistrate Judge.**

**I.      Introduction**

Plaintiff Raymond Brown is a state prisoner in the custody of the Pennsylvania Department of Corrections and currently incarcerated at SCI-Phoenix. Before the Court is Brown's Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). ECF No. 1.  For the reasons that follow, the motion is denied in accordance with 28 U.S.C. § 1915(g) and this action will be dismissed without

---

[1]      A motion to proceed *in forma pauperis* is a non-dispositive motion and appropriately decided by a federal magistrate judge. *See Prater v. Dept. of Corrections*, 76 F.4th 184, 195–98 (3d Cir. 2023) (concluding an IFP motion is a non-dispositive pretrial motion and, as such, magistrate judges maintain jurisdiction to decide an IFP motion).

prejudice to Brown reopening it by paying the full statutory and administrative filing fees totaling $405.00.[2]

## II. Factual Background

This action was initiated on February 14, 2025 by the submission of an IFP motion by Brown. ECF No. 1. Attached to the IFP motion is a seven-page complaint by Brown. ECF No. 1-2. Brown claims that he suffered pain when he was "assigned to pots and pans" while working in food service at SCI-Houtzdale from February 5, 2025 to February 7, 2025 from 0450 hours to 1115 hours in "violation" of unspecified "medical restrictions." ECF No. 1-2 at pp. 4-5. He names several corrections officials at SCI-Houtzdale as Defendants and alleges his First and Eighth Amendment rights were violated under 42 U.S.C. § 1983 and asserts state law claims for "intentional and reckless" infliction of emotional distress. *Id.* at 6.

## III. The Prison Litigation Reform Act and the Three Strikes Rule

The IFP statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (internal quotation marks omitted), *cert denied,* 533 U.S. 953 (2001). "[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball*

---

[2] The filing fee is $350.00 plus a $55.00 administrative fee, for a total of $405.00. *See* https://www.pawd.uscourts.gov/fee-schedule.

*v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, under the PLRA, prisoners with three prior strikes can proceed IFP only if they are in imminent danger of serious physical injury.

"[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 590 U.S. –, 140 S. Ct. 1721, 1724-1725 (2020). In other words, "a prisoner accrues a strike for any action dismissed on the ground that it fails to state a claim upon which relief may be granted" and applies to dismissals "issued both with and without prejudice

3

to a plaintiff's ability to reassert his claim in a later action." *Id.* at 1724 (cleaned up). That said, "mixed dismissals – where a district court dismisses a prisoner's federal claims on grounds enumerated in § 1915(g) and declines to exercise supplemental jurisdiction over the prisoner's state law claims" do not count as strikes. *Talley v. Wetzel*, 15 F.4th 275, 279 (3d Cir. 2021).

Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding IFP and must pay the requisite filing fee in full prior to commencing a new action. *Abdul-Akbar*, 239 F.3d at 314. Thus, when denying or revoking a prisoner's IFP status because of the accrual of three strikes, the Court must determine what strikes the prisoner accrued prior to initiating the action immediately before the Court. *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the Court must consider whether the prisoner qualifies for the "imminent danger" exception.

When deciding whether a prisoner meets the "imminent danger" exception, a Court must examine the situation faced by the prisoner at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul-Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of the irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

## IV. Discussion

The Court takes judicial notice of the fact that Brown has at least three qualifying strikes within the meaning of 28 U.S.C. § 1915(g):

(1) *Raymond Brown v. Buck*, 2:14-cv-2866-ER (E.D.Pa. 2014) (case initiated May 19, 2014 and all claims dismissed for failure to state a claim and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) at ECF No. 7 and affirmed on appeal ECF No. 21);

(2) *Raymond Brown v. McGlynn*, 2:15-cv-2217-TON (E.D.Pa. 2015) (case initiated on April 24, 2015 and all claims dismissed for failure to state a claim and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) at ECF Nos. 4 and 5 and appeal dismissed ECF No. 26);

(3) *Raymond Scott Brown v. Green*, 3:18-cv-487-MEM-DB (M.D.Pa. 2018) (case initiated on February 28, 2018 and all claims in the complaint dismissed for failure to state a claim at ECF No. 44 and appeal dismissed ECF No. 69);

(4) *Raymond Brown v. Cohen*, 2:22-cv-2499-CMR (E.D.Pa. 2022) (case initiated on June 24, 2022 and all claims in the complaint dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) at ECF No. 8).[3]

---

[3] "[T]he dismissal of an action for failure to meet *Heck's* favorable-termination requirement counts as a PLRA strike for failure to state a claim." *Garrett v. Murphy*, 17 F.4th 419, 427 (3d Cir. 2021).

It does not appear that Brown disputes that he has three strikes, and he has so admitted in his IFP motion. ECF No. 1-2.

Although Brown has at least three "strikes," he may be entitled to proceed IFP under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger exception, he must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997)).

Brown alleges he suffered pain as a result of working in food service at SCI-Houtzdale for a three-day period over two months ago in February of 2025 after being "assigned to pots and pans." ECF No. 1-2 at pp. 4-5. These allegations do not satisfy the imminent danger exception, as Brown has not alleged sufficient facts to indicate he was in imminent danger of serious physical injury from any Defendants at the time he initiated this lawsuit.

## V.   Conclusion

For these reasons, Brown's IFP motion is denied in accordance with 28 U.S.C. § 1915(g) and this action will be dismissed without prejudice to Brown reopening it by paying the full statutory and administrative filing fees, totaling $405.00.[4] A separate Order follows.

---

[4] Brown is advised that if he pays the filing fee, the case will still be subject to statutory screening under § 1915A because he is a prisoner. Thus, the Court may dismiss the complaint, or

DATED this 4th day of April, 2025.

                                        BY THE COURT:

                                        s/Christopher B. Brown
                                        United States Magistrate Judge

---

any portion of the complaint, if it is determined that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. If his complaint is dismissed under § 1915A, Brown will not be entitled to the return of his $405.00 filing fee.

7